```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO.  09-22116-CIV-KING
                        MAGISTRATE JUDGE P. A. WHITE
```

JABORIE BROWN,                  :

    Petitioner,             :

v.                              :         REPORT OF
                                               MAGISTRATE JUDGE
STATE OF FLORIDA,               :

    Respondent.             :
_____

      Jaborie Brown, a federal prisoner, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences entered in Miami-Dade County, case nos F93-956 and 92-11528, claiming his convictions should be vacated.

      Research at the Florida Department of Corrections website reveals that the petitioner was convicted in case no. 92-11528 for grand theft motor vehicle.[1] He was sentenced in Dade County, Florida, to 4 years incarceration in 1993. He has been released from the Florida Department of Corrections. Although the petitioner does not state that his state sentences have expired, and were then used to enhance his federal sentence, it is implicit, as he was arrested over ten years ago.

      Brown is no longer "in custody" on the expired state sentence, and he cannot bring a federal habeas corpus action solely attacking the expired sentence.  <u>See</u>: <u>Means v. Alabama</u>, 209 F.3d 1241 (11

---

[1]There is no record of case no. F93-956.

Cir. 2000).[2]   The petition is deemed to be an attack on the judgment Brown is currently serving.  Id.   As such, it must be construed as a motion to vacate pursuant to 28 U.S.C. §2255.

The Supreme Court has held that 28 U.S.C. §2255 may not be used to collaterally attack a prior state sentence used to enhance a federal sentence, even though a direct or collateral attack is no longer open because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully. Daniels v. United States, 121 S.Ct. 1578 (2001); see also; Lackawanna County District Attorney, et al. v. Coss, 532 U.S. 394 (2001).

It is therefore recommended that this petition be dismissed.

Further, this petition, which is to be construed as a motion to vacate, is successive. The petitioner has filed two motions to vacate, attacking two separate criminal convictions. Case No. 05-22814-Civ-Seitz, attacking his conviction and sentences in Case no. 99-927-Cr-Seitz, was dismissed as time barred on March 15, 2006. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability. The petitioner then filed a petition for writ of habeas corpus, in legal effect a second motion to vacate, attacking this same criminal conviction, assigned Case No. 08-22175-Civ-Gold. This petition was dismissed as successive for failure to obtain permission from the Eleventh Circuit.

Brown also filed a motion to vacate, assigned  Case No. 07-

---

[2] The only exception is if the  conviction was obtained in violation of the defendant's right to counsel, as recognized in Gideon v. Wainwright, 372 U.S. 335 (1965). Here, however, Brown does not assert he was not represented by Counsel.

22778-Civ-Altonaga, attacking his conviction/sentence in Case No. 03-20678-Cr-Altonaga. The motion was denied on November 19, 2007. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability. A writ of certiorari was denied on October 17, 2008. Brown then filed a petition for writ of habeas corpus, in legal effect, a second successive motion to vacate attacking this same conviction/sentence. This petition, assigned Case no. 08-22230-Civ-Jordan, was dismissed as successive. Therefore all subsequent motions to vacate, attacking the same criminal convictions may be dismissed as successive. <u>See</u> 28 U.S.C. 2255 as amended and 28 U.S.C. §2244(b)(c). This petition, deemed to be a collateral attack upon the criminal convictions and sentences he is currently serving is therefore successive.

Objections to this Report may be filed with ten days after receipt.

Dated this 24th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jaborie Brown, <u>Pro Se</u>
      Reg#60132-004
      US Penitentiary
      Jonesville, VA 24263-0305
      Address of Record

3